# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| SHELLEE L. COLLINGWOOD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 7:23-cv-01489-LSC-JHE |
| ) | |
| WARDEN KIMBERLY K. NEELY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

On July 15, 2024, the magistrate judge entered a Report and Recommendation ("R&R") (doc. 12) recommending that the petition for writ of habeas corpus be dismissed with prejudice. The petitioner has filed objections to the R&R. (Doc. 13). The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

The petitioner raises three objections. (*See* doc. 13). First, the petitioner objects to the respondent's initial contention that she is ineligible for First Step Act ("FSA") credits due to a conviction under 18 U.S.C. § 924(c). (*Id.* at 1). As the R&R notes, the respondent acknowledged in a response to the petitioner's traverse that the petitioner had not been convicted under § 924(c). (Doc. 12 at 2–3). The magistrate judge credited the respondent's correction and did not base any part of his recommendation on the petitioner's eligibility for FSA credits; rather, he based his recommendation on whether the credits the petitioner earned can be applied to her sentence. Therefore, the petitioner's objection is **OVERRULED**.

Next, the petitioner challenges the "B.O.P. regulations embodied in 18 U.S.C. 3624(g)(1)(d)(1) and B.O.P. program statement 5410.01 . . . ." (Doc. 13 at 1). Contending these

are "blatantly unconstitutional and conflict with the clearly expressed statutory language of statutes of the FSA," the petitioner asks the Court to rule on their constitutionality based on the Supreme Court's recent ruling in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (June 28, 2024).[1] (*Id.*). There are two problems with the petitioner's argument. First, *Loper Bright* concerns court deference to agency interpretations of statutes when those interpretations are challenged under the Administrative Procedure Act ("APA"). 144 S. Ct. at 2262. Section 3624(g)(1)(D)(1) is a statute, not a regulation; it is not subject to challenge under the APA.[2] *See Loper Bright*, 144 S. Ct. at 2261 (the APA "specifies that courts, not agencies, will decide '*all* relevant questions of law' arising on review of *agency action* . . . .") (first emphasis original, second emphasis added); 5 U.S.C. § 706(2) (directing courts to "hold unlawful and set aside *agency action, findings, and conclusions* found to be" unlawful or incorrect in various ways) (emphasis added). Second, to the extent that *Loper Bright* might apply to B.O.P. program statement 5410.01 as an agency interpretation of § 3624(g)(1)(D), the petitioner's argument is meritless. The FSA unambiguously restrict FSA credits to prisoners who have "been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" in the case of prisoners being placed in prerelease custody, § 3624(g)(1)(D)(i), and prisoners who have "been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of

---

[1] The petitioner also references *Komando v. FCI Berlin, Warden*, No. 22-CV-425-SE, 2023 WL 1782034 (D.N.H. Feb. 6, 2023), an order adopting the magistrate judge's recommendation in *Komando v. Luna*, No. 22-CV-425-SE, 2023 WL 310580 (D.N.H. Jan. 13, 2023). That case concerns whether the Bureau of Prisons correctly determined under 28 C.F.R. § 523.44(a)(2) and 18 U.S.C. § 3634(d)(4)(E)(i) that prisoners subject to immigration detainers were ineligible to earn FSA credits. *See* 2023 WL 310580 at *2. Neither party has suggested that the petitioner is subject to an immigration detainer or that her immigration status otherwise plays a role in this case.

[2] In fact, it cannot be contrary to the "clearly expressed statutory language of statutes of the FSA" because it is *part* of the FSA.

2

the prisoner" in the case of prisoners being placed in supervised release, § 3624(g)(1)(D)(i).  The petitioner does not point to anything in B.O.P. program statement 5410.01 that deviates from that unambiguous statutory language, and the Court does not discern any readily apparent deviation.  *See* B.O.P. Program Statement 5410.01, https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited July 29, 2024).  The petitioner's second objection is **OVERRULED**.

Finally, the petitioner asks the Court to consider her efforts to exhaust her administrative remedies and conclude that exhaustion would have been futile.  (Doc. 13 at 2).  The magistrate judge found that while the petitioner "has not necessarily established that her efforts to exhaust her administrative remedies were successful, her evidentiary submission arguably raises questions about whether prison authorities stymied those efforts."  (Doc. 12 at 3–4).  Therefore, the magistrate judge skipped over the exhaustion question and addressed the merits of the petition.  (*Id.* at 4).  Since the Court independently concludes that the petition is due to be dismissed on the merits, it is immaterial whether the petitioner exhausted her administrative remedies or not.  *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("[E]ven when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question.").  The petitioner's final objection is **OVERRULED**.

Accordingly, the Court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this Court.  The petition for writ of habeas corpus is due to be **DISMISSED**.  A separate Order will be entered.

**DONE** and **ORDERED** on August 2, 2024.

_____
L. Scott Coogler
United States District Judge

160704